1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4

5

6

7

8

9

LUCY A. STEPHENS,

    Plaintiff,

v.

CAROLYN W. COLVIN,

    Defendant.

Case No. 2:13-cv-00096-JAD-PAL

**Order Adopting Report and Recommendation [Doc. 19] and Denying Stephens's Motion for Reversal [Doc. 11]**

10

11

12

13

14

15

16

This administrative appeal arises from the Social Security Administration's (SSA) denial of Plaintiff Lucy A. Stephens's disability insurance benefits.  Stephens's current suit requests reversal of the Administrative Law Judge's decision and a remand of the case back to the SSA for an award of benefits.[1]  In her findings and recommendation, U.S. Magistrate Judge Peggy A. Leen recommends affirming the disability insurance benefits denial.[2]  Having reviewed the record and law, I adopt Judge Leen's recommendation, affirm the ALJ's decision, and deny Stephens's motion to remand.

17

**Procedural Background**[3]

18

19

20

Stephens applied for Title II disability insurance benefits and Title XVI supplemental security income on September 4, 2009,[4] alleging that she had become disabled on July 23, 2009.[5]  The SSA denied her claims both initially on February 16, 2010, and upon

21

22

[1] Doc. 11 at 30.

23

[2] Doc. 19 at 28.

24

[3] Citations to the administrative record are referenced as "AR [page number]."

25

26

[4] AR 16.  Title II and Title XVI applications are not in the administrative record (at least noted as a separate entry in the index), but are referenced at AR 16 and AR 114-30 ("in both applications, the claimant alleged disability beginning in July 23, 2009.").

27

[5] AR 114-30.

28

1

reconsideration on May 13, 2010.[6]  Stephens then appealed to the SSA's ALJ, before whom Stephens appeared on June 21, 2011.[7]  In a decision dated June 30, 2011, the ALJ found that Stephens is not disabled under the Social Security Act.[8]  After the SSA's appeals council denied review on November 23, 2012, the ALJ's decision became the Commissioner's final decision, and this case came ripe for judicial review.[9]  On January 22, 2013, Stephens sought judicial review of the Commissioner's decision in the District of Nevada under 42 U.S.C. § 405(g).[10]  On May 6, 2013, Stephens moved to reverse and remand the ALJ's decision.[11]  On February 27, 2014, Judge Leen issued her report of findings and recommendations.[12]  On March 12, 2014, Stephens objected.[13]

### Standard of Review

A U.S. Magistrate Judge may be designated to "conduct hearings . . . and to submit proposed findings of fact and recommendations" regarding the disposition of motions before the court.[14]  A party may object to these findings and recommendation, and the district court reviews the objections de novo.[15]  The standard of review applied to the unobjected-to

---

[6] *Id.*

[7] AR 16.

[8] AR 17, 23.

[9] AR 1.

[10] Doc. 1.  Stephens's attorney signed the document on January 16, 2013. *Id.* at 3.  On April 2, 2013, the Commissioner answered. Doc. 8.

[11] Doc. 11.  On July 3, 2013, the Commissioner responded to Stephens's motion for reversal. Doc. 14. On July 22, 2013, Stephens replied. Doc. 15.

[12] Doc. 19.

[13] Doc. 20.  On March 31, 2014, the Commissioner responded. Doc. 21.

[14] 28 U.S.C. 636(b)(1)(B).

[15] 28 U.S.C. 636(b)(1); *United States v. Berhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1125 (D. Ariz. 2003) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003)) (de novo review is required for findings of fact and conclusions of law when

2

1   portions of the report and recommendation is left to the district judge's discretion.[16]  I review

2   the objected-to portions of Judge Leen's R&R de novo and any other relevant portions for

3   abuse of discretion.

4        When reviewing the denial of social security benefits, a district court must determine

5   whether the Commissioner's findings of fact were supported by substantial evidence and

6   whether the Commissioner's findings of law were erroneous.[17]  Substantial evidence is "more

7   than a mere scintilla but . . . less than a preponderance."[18]  District courts must review the

8   whole record and, from it, weigh evidence that favors and detracts from the administrative

9   decision.[19]  If the evidence could support affirmation or reversal, "the court may not

10  substitute its judgment for that of the ALJ."[20]  The court may enter "a judgment affirming,

11  modifying, or reversing the decision of the Commissioner of Social Security, with or without

12  remanding the cause for a rehearing."[21]

13       The burden of proof initially rests with a disability-benefits claimant to show that she

14  cannot "engage in substantial gainful activity due to a medically determinable physical or

15  mental impairment" that "has lasted or can be expected to last for a continuous period of not

16

17  _____

18  parties object).

19      [16] 28 U.S.C. 636(b)(1); *Reyna-Tapia*, 328 F.3d at 1121-22. (a "district judge must review the
20  magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.") (emphasis
    in original).

21      [17] *Id.* U.S.C. 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial
22  evidence, shall be conclusive.); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993) (citing *Brawner v. Sec'y of
    Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988); *Caenen v. Sec'y of Health & Human Servs.*, 722
23  F. Supp. 629, 632 (D. Nev. 1989) (citing *Lewin v. Schweiker,* 654 F.2d 631, 633 (9th Cir. 1981)).

24      [18]  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (quotations omitted); *Tackett v. Apfel*,
    180 F.3d 1094, 1098 (9th Cir. 1999).

25      [19] *Penny*, 2 F.3d at 956 (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)).

26      [20] *Matney*, 981 F.2d at 1019.

27      [21] 42 U.S.C. 405(g).

28                                          3

less than 12 months."[22]  Moreover, disability is found "only if the impairment is so severe that, considering age, education, and work experience, that person cannot engage in any other kind of substantial gainful work which exists in the national economy."[23]  If the claimant can show that she is unable to resume her prior work, the burden shifts to the government to show that the claimant can perform substantial and gainful employment that exists in the national economy.[24]  Various factors are considered at this stage, including "residual functional capacity and vocational factors such as age, education, and past work experience."[25]

## Discussion

A disability-benefits claim under the Social Security Act requires the ALJ to follow a five-step evaluation.[26]  If at any step the ALJ makes a finding of disability or non-disability, a determination is made and no further evaluation is required.[27]  Step one asks whether Stephens is working and, if so, whether such work amounts to substantial, gainful activity.[28]  Step two examines the severity of Stephens's medical impairments or combination of impairments to the extent that they significantly limit her physical or mental ability to do basic work.[29]  Step three looks at whether her severe medical impairment has lasted or is expected to last continuously for 12 months and if the impairment meets or medically equals

---

[22] 42 U.S.C. 423(d)(1)(A); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990).

[23] *Id.*

[24] *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

[25] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4).

[26] *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

[27] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[28] 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

[29] 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

the list of impairments produced by the commission.[30]  Step four requires assessment of Stephens's residual functional capacity (RFC) and determines whether she has the RFC to perform her past relevant work (PRW).[31]  Step five requires a finding of whether Stephens is able to do any other work considering her RFC, age, education, and work experience.[32]

The facts surrounding Stephens's administrative proceedings are fully detailed in Judge Leen's recommendation and incorporated here by reference.  In brief, the ALJ determined that Stephens has not engaged in substantial gainful activity since July 23, 2009, her impairments meet the severity requirement but fail to meet or medically equal one of the impairments produced by the commission, she has the RFC to perform light work, and she is capable of performing her PRW as a customer service representative and telephone operator.[33]  Stephens satisfied steps one and two but failed three, four, and five, and therefore is not disabled as defined by the SSA from July 23, 2009, through the date of the ALJ's decision on June 30, 2011.[34]

Judge Leen found that the ALJ's decision was supported by substantial evidence.[35]  While Judge Leen recognizes it is undisputed that Stephens was diagnosed with rheumatoid arthritis in 2010, none of Stephens's treating physicians opined that she has physical or non-exertional limitations that prevent her from working as a customer service operator.[36]  Thus,

---

[30] 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii), 404.1509.

[31] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[32] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[33] AR 17–18.

[34] *Id.* at 18–23.

[35] Doc. 19 at 28.

[36] *Id.* at 25–28.  The following physicians treated and examined Stephens: Dr. Layton (AR 49–50), Dr. Witt (AR 223), Dr. Perry (AR 224–25), Dr. Prater (AR 245), Dr. Gordon (AR 246), Dr. Sigler (AR 249–52), Dr. Schifini (AR 253–54, 256), Dr. Cestkowski (AR 212–221, 252), Dr. Kabins (AR 253–256), Dr. Papageorge (AR 287–91, 356–357), Dr. Sherman (AR 358–63), Dr. Dhaliwal (AR 364–71), Dr. Henry (AR 397), Dr. Elkanich (AR 402–07, 595), Dr. Firooz (AR 424), Dr. Coppel (AR 559–92).

her impairments are not severe enough to prevent her from performing light sedentary work. Thus, Judge Leen found that Stephens is not disabled under the SSA.[37]

## A.   Limitation of Severe Impairment

Stephens first objects to Judge Leen's review of the ALJ's decision that limited her severe impairment to degenerative disc disease of the cervical and lumbar spine and failed to identify the remainder of her medical problems as impairments.[38]  Stephens also argues that the ALJ ignored SSA's policy ruling by failing to fully explain why Stephens's impairments were deemed non-severe and failed to undertake the requisite function-by-function analysis of whether she was able to work a 40-hour work week.[39]  Stephens claims her impairments include: "chronic pain syndrome . . ., cervical disc displacement, cervical spondylosis, cervical radiculitis/radiculopathy, lumbar disc displacement, thoracic and lumbar radiculitis/radiculopathy, lumbosacral spondylosis, . . . occipital neuralgia (a headache similar to a migraine), rheumatoid and osteoarthritis, and emotional disorders of depression and anxiety."[40]

Judge Leen affirmed the ALJ's determination based on medical evidence that Stephens was capable of performing light work despite her other impairments.[41]  Judge Leen also concluded that Stephens's mental impairments were non-severe and there was insufficient evidence to support Stephens's contention that she actually experienced dangerous side effects from her prescription medication.[42]  The Commissioner contends, and Judge Leen notes, that Stephens applied for disability benefits alleging she was unable to

---

[37] *Id.* at 27–28.

[38] Doc. 20 at 1–2.

[39] Doc. 20 at 9.

[40] *Id.* at 1–2 (formatting altered).

[41] Doc. 19 at 25–27.

[42] *Id.* at 26–27.

work based only on neck and low back pain, and she requested reconsideration of the denial based on neck and back pain.[43]  I find that the ALJ's decision to limit analysis of Stephens's impairments to degenerative disc disease of the cervical and lumbar spine, while deeming other impairments as non-severe, to be proper.  Although Stephens's other impairments were limiting, no physician on the record opined that any of the impairments—singly or in combination—preclude Stephens from engaging in light sedentary work or that Stephens is precluded from returning to light sedentary work.  Accordingly, I overrule this objection to Judge Leen's R&R.

### B.       Stephens's Level of Chronic Pain and Fatigue

Stephens also claims that her level of chronic pain is evinced by the fact that she has been prescribed methadone, a pain killer with effects similar to morphine.[44]  Judge Leen determined that, although Stephens is experiencing pain, Dr. Coppel determined that her pain was "well controlled on current medications . . . with minimal side effects."[45]  The Commissioner contends that treatment notes from Stephens's last four appointments reflect that she "continues to obtain good pain relief with minimal side effects on current medication."[46]  I argue that, because Stephens was receiving the necessary pain relief and no physician on the record opined that her pain or medication would create side effects that might interfere with her ability to work, Stephens's pain and side effects therefrom do not rise to an impairment preventing her from performing light sedentary work.

Moreover, Stephens references testimony at the administrative hearing that she could "no longer work primarily because of fatigue rather than her overall chronic pain."[47]  She

---

[43] AR 69; Docs. 19 at 25, 21 at 3.

[44] Doc. 20 at 7.

[45] AR 586; Doc. 19 at 27.

[46] AR 576.

[47] Doc. 19 at 26.

then goes on to discuss many of her tired spells from rheumatoid arthritis and from her medication, which makes her drowsy, and that "she did not believe she could work a less strenuous job and her fear . . . especially more than all the chronic pain . . . and the fatigue, the tired spells she [experienced]."[48]  A review of the medical record as a whole reveals that no physician made reference to the fatigue that Stephens claims is so debilitating.  I conclude that because there is no medical testimony in the record to establish that Stephens's fatigue is an impairment that significantly limits her physical or mental ability to do basic work, Stephens's fatigue does not qualify as a true impairment under the SSA.  Her objections regarding her chronic level of pain and fatigue are overruled.

### C.    Testimony of State-Agency Doctors

Stephens next objects to Judge Leen's review of the ALJ's decision and claims that three state-agency doctors, Drs. Sherman, Dhaliwal, and Henry, essentially used one consultative examination to determine their "evidence as a whole assessment."[49]  Judge Leen affirmed the ALJ's decision and determined that there was ample evidence in the record to support the consultative examination's finding that Stephens is capable of returning to light work.[50]  The Commissioner noted that "state agency consultants are highly qualified physicians who are experts in the evaluation of medical issues in disability claims under the Social Security Act."[51]  Moreover, the Commissioner avers that, even though Stephens claims that Dr. Dhaliwal "made his assessment on the basis of Dr. Sherman's assessment," Dr. Dhaliwal managed to come to an entirely different RFC finding than Dr. Sherman, therefore demonstrating his independence.[52]  Furthermore, Dr. Henry's review and

---

[48] AR 45–46.

[49] Doc. 20 at 3.

[50] Doc. 19 at 25–27.

[51] Doc. 21 at 7.

[52] Doc. 21 at 6–7.

affirmation of Dr. Dhaliwal's RFC finding is proper because a non-examining state-agency medical consultant's findings shall be treated as expert opinion.[53]  I conclude that the three state-agency doctors' medical findings were consistent with the collective medical findings in the record.  Their "evidence as a whole" accurately determined that Stephens is capable of light sedentary work.  This objection is overruled.

### D.      The ALJ's Determination of Stephens's Credibility

Lastly, Stephens argues that her credibility concerning her impairments and pain were a "forgone conclusion with an analysis tailored to fit."[54]  She claims "treatment notes that might benefit her credibility do not appear in the decision" and that Dr. Witt expressed that Stephens appears to be honest regarding her pain and limitations of activities.[55]  Judge Leen determined that, although Stephens argues the many symptoms that Chronic Pain Syndrome can cause, "the record does not support that Stephens actually experienced these side effects."[56]  The Commissioner contends that Stephens cherry picked evidence to support her claims of pain and that "many conditions produce pain not severe enough to preclude employment."[57]  I overrule Stephens's objections regarding credibility.  During multiple surgical follow-up visits with Dr. Coppel in 2011 just prior to Stephens's administrative hearing, Stephens's pain was controlled with medication, "no doctor found her as severely limited as she claimed," and she was not referred to attend physical therapy—which would have been ordered if she became unable to "perform activities of daily living or work activities."[58]  Furthermore, no physician opined that Stephens's impairments precluded her

---

[53] SSR 96-6p, 1996 WL 374180, at *1–2 (July 2, 1996).

[54] Doc. 20 at 6.

[55] AR 259.

[56] Doc. 19 at 27.

[57] Doc. 21 at 9–10.

[58] AR 568; Doc. 19 at 27.

from performing light sedentary work.  The record, therefore does not reflect that Stephens's credibility was a "foregone conclusion" but that her allegations were weighed against a well-established medical record.

**Conclusion**

In light of the foregoing, Judge Leen properly determined that the ALJ's denial of Stephens's disability insurance benefits was supported by substantial evidence, and I adopt her recommendation in full.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Magistrate Judge Leen's Finding and Recommendation **[Doc. 19] is ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff Lucy A. Stephens's Motion to Reverse **[Doc. 11] is DENIED**.  The Clerk of the Court is directed to close this case.

DATED December 11, 2014.

_____
Jennifer A. Dorsey
United States District Judge

10